## De Morlet et ux. v. Buckman et al., etc.

*Sklar & Pearl* and *Meyer, Lasch, Hankin & Poul,* for plaintiffs.

*G. P. Williams,* for defendants.

SLOANE, J., May 29, 1952.—This is a case where the judge is embraced with alternatives, must weigh and choose, and even then without resolution of all doubt for the result is hard either way. On the one side are plaintiffs and their two witnesses, residents of the Dominican Republic; on the other, defendants, the owners of premises in Philadelphia, on whose sidewalk wife plaintiff was on August 3, 1950, while she and her husband plaintiff and the two witnesses were visiting Philadelphia. Her claim is that defendants' employe "suddenly and without warning" threw open the metal doors covering the sidewalk entrance to the cellar of the premises, causing her to fall into the cellar-way with resultant injury.

Plaintiffs want to try most of their case in the Dominican Republic; they have filed a rule for a commission to take the testimony upon written interrogatories of wife plaintiff, the two witnesses, and the attending physician, "said testimony to be read in evidence on behalf of the plaintiffs on the trial of the above entitled cause." Expense and hardship is their problem; they say they cannot afford the expense of coming to Philadelphia for trial.

Defendants want the jury to see and hear all parties and witnesses; they oppose the granting of the rule for a commission to take testimony, and have petitioned to strike it off. Defendants aver that if the commission to take testimony is granted "the jury will not be afforded an opportunity to observe the demeanor of the wife plaintiff and her witnesses, and . . . defendants will be substantially deprived of their right of cross-examination of the plaintiff and her said witnesses."

We ought to have a tenderness for plaintiffs' difficulty but too we must have respect for defendants' right; our conclusion we know will not be an even balancing of the scales, which is true of most empirical

decisions. I recognize without hesitation the difficulty; but I must choose between the two objects of desire, that plaintiffs have their full day in court, and defendants likewise. It seems to me that more lies with defendants, and the arm of my discretion in its exercise should flex toward them. It has always been within the discretion of the court (a discretion which is not whim or caprice or fiat) to determine whether exercise of the privilege of obtaining interrogatories will work prejudice upon the opposing parties. See, e. g., Thompson v. Thompson, 68 D. & C. 386 (1949) ; Glaser v. Philadelphia Transportation Co., 42 D. & C. 582 (1941). And I see no difference in this case between testimony on questions and answers (interrogatories and cross-interrogatories) and testimony by depositions. It is a decided preference in the trial of the case that the jury see and hear the witnesses on the questions involved: negligence, contributory negligence, and injury.

I am reminded of the words of Lord Esher in Coch v. Allcock, 21 Q. B. D. 178, 181 (1888) :

"The matter being one of discretion, it is impossible to lay down any general rule as to when a commission will be granted. It must depend on the circumstances of the particular case. The Court must take care on the one hand that it is not granted when it would be oppressive or unfair to the opposite party, and on the other hand that a party has reasonable facilities for making out his case, when from the circumstances there is a difficulty in the way of witnesses attending at the trial. All the circumstances of each particular case must be taken into consideration. With regard to the case of a plaintiff asking for a commission to examine himself, that also appears to me to be a matter of discretion, but the discretion will be exercised in a stricter manner, and the Court ought to require to be more clearly satisfied that the order for a commission ought to be made."

This view suggests the thought of separating the situation, permitting the commission as to the witnesses and the physician, and refusing it as to plaintiff herself, but my difficulty is the relevance and importance of the respective testimonies. The jury ought to see and hear them all. I know that in Hillson v. Cage, 75 Pitts. L. J. 677 (1927), a contrary result was reached and a commission allowed both as to plaintiff and witnesses.

Defendants' petition to strike off plaintiff's rule for a commission is granted.